

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD
F.#2007R00069

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

November 28, 2011

By Hand
The Honorable Sandra J. Feuerstein
United States District Judge
United States District Court
Eastern District of New York
1010 Federal Plaza
Central Islip, New York 11722

      Re: United States v. Ashanti Harrell
           Criminal Docket No. 07-0516 (SJF)

Dear Judge Feuerstein:

     The government respectfully submits this letter in response to a motion by the defendant Ashanti Harrell requesting a sentencing modification, pursuant to 18 U.S.C. § 3582(c)(2) ("Def. Let."). For the reasons set forth below, the government acknowledges that the defendant is eligible for a sentencing modification, based on an amendment to the United States Sentencing Guidelines, effective November 1, 2011 ("Guidelines Amendment"), which ameliorated the base offense levels for cocaine base ("crack cocaine") offenses. However, a sentencing reduction is not automatic and the Court should exercise its discretion, after considering the factors in 18 U.S.C. § 3553(a) ("§ 3553(a)"), regarding whether to modify the defendant's sentence.

I.   Background

     The defendant pled guilty on July 29, 2008 to a lesser included offense of Count One of the above-referenced indictment, which charged him with distributing five grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). As set forth in the Presentence Investigation Report ("PSR"), at the time of the defendant's original sentencing, the defendant was held responsible for between 75 and 100 grams of cocaine base. See PSR at ¶ 3. Pursuant to U.S.S.G. § 2D1.1(c)(5) of the version of the Sentencing Guidelines that were in effect at the

time of the defendant's sentencing, the defendant's base offense level was 30. Id. The defendant received a three-level reduction for acceptance of responsibility, which reduced the defendant's total offense level to 27. Id. at ¶ 93. Because the defendant was sentenced within Criminal History Category V, the defendant's Guidelines range was 120 to 150 months. Id. On November 5, 2008, Your Honor sentenced the defendant to 96 months incarceration. See Judgment (copy attached hereto as Exhibit 1).

According to the Bureau of Prisons website, the defendant's projected release date is May 30, 2014, and he is currently incarcerated at Federal Correctional Institution Terre Haute in Terre Haute, Indiana. See BOP Inmate Locator Information (attached hereto as Exhibit 2).

II. The Guidelines Amendment Applies to the Defendant

Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In § 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] The version of § 1B1.10 applicable in this case became

---

[1] Section 1B1.10 is based on § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in § 1B1.10(c). See, e.g., United States v.

2

effective on November 1, 2011, which is when the retroactive amendment the defendant seeks to apply became effective), and provides, in relevant part:

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

In <u>Dillon v. United States</u>, 130 S. Ct. 2683 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that § 1B1.10 is binding. The Court declared: "Any reduction must be consistent

---

<u>Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997); <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995); <u>United States v. McHan</u>, 386 F.3d 620, 622 (4th Cir. 2004); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996); <u>United States v. Dullen</u>, 15 F.3d 68, 70-71 (6th Cir. 1994); <u>United States v. Wyatt</u>, 115 F.3d 606, 608-09 (8th Cir. 1997); <u>United States v. Cueto</u>, 9 F.3d 1438, 1441 (9th Cir. 1993); <u>United States v. Avila</u>, 997 F.2d 767, 768 (10th Cir. 1993); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

with applicable policy statements issued by the Sentencing Commission." Id. at 2688. The Court affirmed that a two-step approach must be followed:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id.
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

Dillon, 130 S. Ct. at 2691-92.

The Guidelines Amendment is part A of Amendment 750, which altered the offense levels in § 2D1.1 applicable to crack cocaine offenses, and which the Sentencing Commission added to § 1B1.10(c) as a retroactive amendment. The Sentencing Commission lowered these offense levels pursuant to the Fair Sentencing Act of 2010, which changed the threshold quantities of crack cocaine which trigger mandatory minimum sentences under 21 U.S.C. § 841(b), and directed the Commission to implement comparable changes in the pertinent guideline.

Accordingly, the Guidelines Amendment applies to the defendant's case. The defendant's base offense level, which

4

corresponds to his distribution of between 75 and 100 grams of cocaine base, should be 26, rather than 30. Thus, after three points are subtracted for acceptance of responsibility, the defendant's total offense level should be 23, which in conjunction with Criminal History Category V, yields an advisory Guidelines range of 84 to 105 months imprisonment.

Although the defendant qualifies for a reduction of sentence under § 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in § 3582(c)(2) itself, which provides: "the court **may** reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added). Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).[2]

Here, while the Court has the discretion to reduce the defendant's sentence, such a reduction is not automatic. The government respectfully submits that the Court should consider all of the § 3553(a) factors, including the serious nature of the offense and the defendant's history and characteristics, when determining whether to modify the defendant's sentence of 96 months, which remains within the amended, advisory Guidelines range.

III. The Defendant Has No Right to Appear Before the Court.

The defendant requested that the Court order that he be produced for the § 3582(c)(2) proceeding he has requested. Def. Let. at 2. However, the defendant's request is proscribed by the relevant policy statement, Federal Rule of Criminal Procedure, and case law addressing this issue. Section 1B1.10(a)(3) clearly

---

[2] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a § 3582(c)(2) motion for reduction of sentence, upon considering the § 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Federal Rule of Criminal Procedure 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under § 3582(c).[3] See Dillon v. United States, 130 S. Ct. 2683, 2692 (2010) (observing that, under Rule 43(a)(3), a defendant need not be present at a proceeding under § 3582(c)(2) regarding the imposition of a sentencing modification). See also United States v. Jones, 298 Fed. Appx. 70, 72 (2d Cir. 2008) (unpublished); United States v. Styer, 573 F.3d 151, 153-54 (3d Cir. 2009); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); United States v. Young, 555 F.3d 611, 615 (7th Cir. 2009) (a defendant is not entitled "to notice and an additional opportunity to be heard whenever the court is inclined to deny an unopposed § 3582(c)(2) motion."); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999) (noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution"); United States v. Harris, 568 F.3d 666, 669 (8th Cir. 2009); United States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009); United States v. Woods, 327 Fed. Appx. 170 (11th Cir. 2009) (unpublished) (not entitled to hearing even when motion is considered by different judge than the one who imposed the original sentence); United States v. Fitts, 2008 WL 2356754 (N.D. Ind. 2008) (lengthy discussion).

    This rule is justified by the limited scope of a § 3582 proceeding, which is "not a second opportunity to present mitigating factors to the sentencing judge" but "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines," United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995), and which, therefore, may generally be decided without a hearing. Moreover, as the Seventh Circuit has noted, this principle "makes good practical sense because a defendant, in the federal penal system, often is hundreds if not thousands of miles away from the courthouse where his sentence was originally imposed." Tidwell, 178 F.3d at 949. Transporting, housing, and holding hearings for

---

[3] The Advisory Committee Notes concerning the 1998 amendments to Rule 43 state that a defendant's presence is not required at a Section 3582 proceeding because such a proceeding is analogous to a proceeding for correction or reduction of sentence under Rule 35, at which a defendant's presence is not required.

6

the thousands of widely scattered inmates affected by Amendment 750 would not only impose tremendous costs, difficulties, and court and prison congestion unwarranted by the limited and simple nature of § 3582(c)(2) proceedings, but would also delay the granting of relief under the amendment. For all of these reasons, the defendant has no right to appear before this Court in connection with his motion for reduction of sentence, filed pursuant to § 3582(c).

IV. Conclusion

For all of the reasons set forth above, the government respectfully submits that, while the defendant's Guideline range has been lowered by the Guidelines Amendment, the Court should consider all of the § 3553(a) factors when deciding whether to exercise its discretion and reduce to the defendant's sentence.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____
John J. Durham
Assistant U.S. Attorney
(631) 715-7851

Exhibits 1-2

cc: Elizabeth E. Macedonio, Esq. (By ECF)
    Clerk of the Court (SJF) (By ECF)

7

# EXHIBIT 1

AO 245B · (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

UNITED STATES OF AMERICA
V.

ASHANTI HARRELL

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR-07-516-12
USM Number: 72014-053

ELIZABETH E. MACEDONIO, ESQ.
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   A LESSER INCLUDED OFFENSE WITHIN COUNT ONE (1) OF THE FIRST SUPERSEDING INDICTMENT

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. 846, 841 (a)(1), and 841 (b)(1)(B)(iii) | CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE 5 GRAMS OR MORE OF COCAINE BASE AND COCAINE | MAY 2007 | ONE (1) |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

Count(s)   ALL OPEN COUNTS AND UNDERLYING INDICTMENT   is   X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

NOVEMBER 5, 2008
Date of Imposition of Judgment

_____
Signature of Judge

SANDRA J. FEUERSTEIN, U.S.D.J.
Name and Title of Judge

NOVEMBER 20, 2008
Date

A TRUE COPY
ATTEST
DATED _____ 19___
ROBERT C. HEINEMANN
                                    CLERK
BY _____
        DEPUTY CLERK

AO 245B  (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT: ASHANTI HARRELL
CASE NUMBER: CR-07-516-12

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

NINETY-SIX (96) MONTHS

X  The court makes the following recommendations to the Bureau of Prisons:
CAREFUL OBSERVATION AND ATTENTION TO ANY MEDICAL COMPLAINTS.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

  ☐  at _____  ☐ a.m.  p.m.  on _____.

  ☐  as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐  before 2 p.m. on _____.

  ☐  as notified by the United States Marshal.

  ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page   3   of   6

DEFENDANT:         ASHANTI HARRELL
CASE NUMBER:       CR-07-516-12

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

FOUR (4) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: ASHANTI HARRELL
CASE NUMBER: CR-07-516-12

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall participate in an outpatient and/or inpatient drug treatment or detoxification program approved by the Probation Department. The defendant shall pay the costs of such treatment/detoxification to the degree he is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay. The defendant shall not consume any alcohol or other intoxicants during or after treatment/detoxification, unless granted a prescription by a licensed physician and proof of the same is provided to the Probation Department. The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case   Case 2:07-cr-00516-SJF-MLO   Document 275   Filed 11/20/2008   Page 5 of 6
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  6

DEFENDANT: ASHANTI HARRELL
CASE NUMBER: CR-07-516-12

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $ 100.00   | $ 0  | $ 0         |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
|               |             |                     |                        |

| TOTALS | $ 0 | $ 0 |
|--------|-----|-----|

☐ Restitution amount ordered pursuant to plea agreement $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

the interest requirement is waived for the  ☐ fine   restitution.

☐ the interest requirement for the  ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Case 2:07-cr-00516-SJF-MLO   Document 275   Filed 11/20/2008   Page 6 of 6
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: ASHANTI HARRELL
CASE NUMBER: CR-07-516-12

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  X  F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# **EXHIBIT 2**

## Inmate Locator - Locate Federal inmates from 1982 to present

| Name | Register # | Age-Race-Sex | Release Date Actual or Projected | Location |
|---|---|---|---|---|
| 1. ASHANTI HARRELL | 72014-053 | 32-Black-M | 05-30-2014 | TERRE HAUTE FCI |

Results 1 - 1 of 1

New Search     FAQs     Privacy