# THE LAW OFFICE OF ELIZABETH E. MACEDONIO
--------------------------------------------------ATTORNEY AT LAW--------------------------------------------------

42-40 BELL BOULEVARD
SUITE 302
BAYSIDE, NEW YORK 11361

TELEPHONE: (718) 279-3770
FAX: (718) 281-0850
Email: emacedonio@yahoo.com

February 9, 2012

**Electronically Filed and Via Facsimile**

Honorable Sandra J. Feuerstein
United States District Court Judge
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: <u>United States v. Ashanti Harrell</u>
07 Cr. 516 (S-1) (SJF)

Dear Judge Feuerstein:

    This letter is submitted for Your Honor's consideration in the re-sentencing of Ashanti Harrell in the above-referenced matter. After reviewing the facts set forth below, it is requested that the Court reduce Mr. Harrell's previously imposed sentence in accord with the sentencing factors set forth in 18 U.S.C. § 3553(a) and recent changes to the United States Sentencing Guidelines under the Fair Sentencing Act of 2010. It is respectfully suggested that a sentence of sixty moths accomplishes all of the articulated sentencing objectives.

## I.   Charge and Conviction

    On July 29, 2008, Ashanti Harrell pled guilty before Your Honor to a lesser included offense within Count One of a six-count Superseding Indictment. As amended, Count One charges that between April 2006 and May 2007, Mr. Harrell, together with his named co-defendants and others, conspired to distribute and to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(iii). Mr. Harrell was not named in the remaining counts of the Indictment.

    Mr. Harrell's role in the charged conspiracy was that of an occasional customer of the organization and he was held accountable for between 75-100 grams of crack cocaine (PSR at ¶ 3).[1] Given his limited role, he was not privy to the scope and structure of the overarching conspiracy nor did he have knowledge of the activities of its members.

---

[1] The original PSR in this matter is dated September 4, 2008. An addendum to the PSR was issued on February 9, 2012.

On November 5, 2008, Your Honor sentence Mr. Harrell to a term of imprisonment of 96 months. At that time, Mr. Harrell was assigned a base offense level of 30 pursuant to Section 2D1.1(c)(5) of the U.S.S.G. for offenses involving at least 50 grams but less than 150 grams of cocaine base (PSR at ¶ 8). After allowing for a 3 level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), Mr. Harrell's total adjusted offense level was 27 resulting in a Guideline imprisonment range of 120-150 months based upon a Criminal History Category of V (PSR at ¶ 93). As noted, Your Honor imposed a sentence of imprisonment of 96 months, 24 months below the advisory Guideline range then in effect.

Recently, the United States Sentencing Commission authorized the retroactive application of the amended U.S.S.G. § 2D1.1 (effective November 1, 2010) which assigns a base offense level of 26 for offenses involving at least 28 grams but less than 112 grams of cocaine base. Because the instant offense involved "between 75 and less than 100 grams of cocaine base" (PSR at ¶ 8), the defendant's advisory Guideline range is now 84-105 months based upon a Criminal History Category of V and adjusted total offense level of 23, after crediting the defendant with a 3 level reduction for acceptance of responsibility. Accordingly, a sentence of sixty months, the applicable mandatory minimum, would reflect the same 24 month variance the Court deemed appropriate at Mr. Harrell's original sentence proceeding.

## II.  Sentencing Factors

### A)  Mr. Harrell's Background

Mr. Harrell was born on April 23, 1979, in Washington D.C. His father is a child care worker living in Washington D.C., and his mother is a teacher's aide living in Wyandanch, New York. He was raised primarily by his mother.

Mr. Harrell has two daughters. Prior to his incarceration, he was the primary care giver to both of his daughters and, for periods of time, his nieces and nephews. It was Mr. Harrell who would pick the children up at school, take them to the library, enroll them in afterschool programs and make certain they completed their homework. Mr. Harrell was a regular at the school and attended all parent teacher conferences. His presence in their lives has been deeply missed.

Mr. Harrell's family members continue to be supportive and look forward to reuniting with him upon his release. As Mr. Harrell has been designated to a facility in the State of Indiana, he has been unable to visit with his family in over three years.

### B) Mr. Harrell's Medical Condition

Mr. Harrell has suffered his entire life from a progressively debilitating case of sickle cell anemia. Sickle cell anemia is an inherited form of anemia, a condition in which the individual is unable to produce enough healthy red blood cells to carry oxygen throughout the body.

Under normal circumstances, red blood cells are flexible and round and move easily through blood vessels. In people with sickle cell anemia, the red blood cells become rigid and sticky and are shaped like sickles or crescent moons. These irregular-shaped blood cells die prematurely, resulting in a chronic shortage of red blood cells. Sickle cells also can get stuck when traveling through small blood vessels, which can slow or block blood flow and oxygen to parts of the body. This produces extreme pain and can lead to serious complications. There is no cure for sickle cell anemia.

Mr. Harrell has dealt with sickle cell anemia and the hospitalizations that come with it his entire life. He has been hospitalized on hundreds of occasions. During his pre-trial incarceration, while housed at the Nassau County Jail, Mr. Harrell was unable to receive the medical treatment his condition required. Prior to sentencing, he was hospitalized for extreme sickle cell crises on a regular basis. During each of these hospitalizations it was feared that his organs would shut down due to the extreme nature of the sickle cell crisis and the time it took for him to receive medical treatment. Prior to being designated, Mr. Harrell spent more time in the hospital than in the jail.

When transferred to the Bureau of Prisons, Mr. Harrell's health improved. Although he continues to suffer from the effects of the disease, the health care he now receives has stabilized him. He reports being hospitalized on only one occasion for a two day period.

Notably, the PSR points out "the defendant suffers from a life-long and debilitation physical condition which necessitates frequent hospitalizations, and will most likely shorten his life-span" (PSR at ¶ 100). Further adding that Mr. Harrell's medical condition is a "mitigating factor which may be considered at sentencing" (id.).

### C) Mr. Harrell's Post Offense Rehabilitative Efforts

During his term of incarceration Mr. Harrell has made significant efforts toward rehabilitation. Prior to sentencing, while at the Nassau County Jail, where no educational programs are offered, Mr. Harrell authored four novels, two children's books, a children's play, a memoir, a movie and a twelve episode situation-comedy.

When transferred to the Bureau of Prisons, his initial designation was to a United States Penitentiary. After nine months of observing his conduct, he was re-designated to a minimum security facility.

Since that time he has worked in the food services department and has received the highest evaluations without fail. Currently he is taking Advanced Spanish, Psychology and Keyboarding classes. He has also completed the following educational courses:

    Drug Abuse Education
    Spanish I
    Introduction to Business
    Business Life
    Business Plans
    Small Business Taxation
    Economics
    Psychology I
    Geometry
    Computer Applications
    Creative Writing
    Microsoft Office
    Personal Finance
    Credit Score
    Keyboarding I
    Origins of Great Ancient Civilizations
    Grammar and Style
    Astrology
    Public Speaking
    Common Sense Parenting
    Eastern Philosophy Mediation and Conflict Resolution

Clearly Mr. Harrell intends to change his life upon release. And, he has taken advantage of every opportunity to make certain that he will be successful.

### III. Conclusion

The sentence imposed upon Mr. Harrell must be one that is "sufficient, but not greater than necessary" to provide 1) "just punishment," 2) "adequate deterrence," 3) "protect[ion for] the public" and 4) to provide "the defendant with needed educational or vocational training." 18 U.S.C. § 3553(a). While the re-sentence of a defendant is discretionary, it is respectfully submitted that based upon all the factors presented, re-sentence is warranted in this case and that a sentence of sixty months' imprisonment should be imposed.

I thank Your Honor for her consideration in this matter.

Respectfully submitted,

*Elizabeth E. Macedonio*

Elizabeth E. Macedonio
*Counsel for the Defendant
Ashanti Harrell*

cc: AUSA John J. Durham (by ECF)