UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------X
UNITED STATES OF AMERICA,

-against-

ASHANTI HARRELL,

                    Defendant.
--------------------------------------------X

FEUERSTEIN, J.

**ORDER**
07-cr-0516-12 (SJF)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   APR 1 0 2012   ★

**LONG ISLAND OFFICE**

On July 29, 2008, defendant Ashanti Harrell ("Harrell") entered a plea of guilty to a lesser

included offense of Count One of the Superseding Indictment, charging him with conspiracy to

distribute and to possess with intent to distribute cocaine base and cocaine, in violation of 21

U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(iii). Docket Entry Nos. 134, 275. Harrell was held

responsible for between seventy-five (75) and one hundred (100) grams of cocaine base. Docket

Entry No. 470 at 1 (citing Presentence Investigation Report ["PSR"] at ¶ 3). On November 5,

2008, the Court sentenced Harrell to a term of ninety-six (96) months' imprisonment, to be

followed by a four (4)-year term of supervised release. Docket Entry No. 275 at 2-3. According

to the government's review of the Bureau of Prisons website, Harrell's projected date of release

is May 30, 2014. Docket Entry No. 470 at 2.

Before the Court is Harrell's motion for a modification of his sentence pursuant to 18

U.S.C. § 3582(c) in light of amendments to the United States Sentencing Guidelines. Docket

Entry Nos. 468, 479. The government acknowledges that defendant is eligible for a sentence

modification, but has not taken a position as to whether a modification would be appropriate in

1

this case. <u>See</u> Docket Entry No. 473. For the reasons that follow, Harrell's motion is denied.

I.     Discussion

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a

final judgment' and may not be modified by a district court except in limited circumstances."

<u>Dillon v. United States</u>, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. §

3582(b)). "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case

of a defendant who has been sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §

994(o)' and made retroactive pursuant to § 994(u)." <u>Id.</u>

In evaluating a request for a sentence reduction pursuant to Section 3582(c), the Court

must perform a "two-step inquiry." <u>Id.</u> at 2691. First, the Court must "determine the prisoner's

eligibility for a sentence modification and the extent of the reduction authorized." <u>Id.</u> Second,

the Court must "consider any applicable § 3553(a) factors and determine whether, in its

discretion, the reduction authorized by reference to the policies relevant at step one is warranted

in whole or in part under the particular circumstances of the case." <u>Id.</u> at 2692. "The question in

[this] context is not what sentence is appropriate, but rather whether the sentence actually

imposed should be reduced in light of an intervening retroactive amendment." <u>United States v.</u>

<u>Rivera</u>, 662 F.3d 166, 179 (2d Cir. 2011). The Court, however, may not reduce a sentence "to a

term that is less than the minimum of the amended guideline range." U.S.S.G. §

1B1.10(b)(2)(A); <u>see also</u> <u>United States v. Malloy</u>, --- F.Supp.2d ----, 2012 WL 603725, at *4

(N.D.N.Y. Feb. 24, 2012).

2

"[W]hether to deny an otherwise eligible defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) is *discretionary*." United States v. Logan, --- F.Supp.2d ----, 2012 WL 616257, at *20 (E.D.N.Y. Feb. 23, 2012) (emphasis in original) (citing cases). "[A] court is 'well within its authority' in denying a resentencing motion on the basis of a defendant's 'extensive criminal history.'" United States v. Stewart, 367 Fed. Appx. 201, 203 (2d Cir. Feb. 23, 2010) (quoting United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009)).

The government acknowledges that Harrell is eligible for a sentence reduction pursuant to Section 3582(c)(2). Under the version of the Sentencing Guidelines in effect at the time of his sentencing, Harrell's base offense level was thirty (30). PSR at ¶ 3; Docket Entry No. 470 at 1-2; Docket Entry No. 479 at 2. After receiving a three (3)-level reduction for acceptance of responsibility, Harrell's total offense level was twenty-seven (27). PSR at ¶ 93; Docket Entry No. 470 at 2; Docket Entry No. 479 at 2. Given Harrell's Criminal History Category of V, his recommended Guidelines range was one hundred twenty (120) to one hundred fifty (150) months' imprisonment. PSR at ¶ 93; Docket Entry No. 470 at 2; Docket Entry No. 479 at 2.

Guidelines Amendment 750 has since altered the offense levels in Guidelines Section 2D1.1 applicable to offenses involving crack cocaine. This amendment applies retroactively. See U.S.S.G. § 1B1.10(c). Pursuant to the amendment, Harrell's base offense level has been lowered by four (4) levels, to twenty-six (26). Addendum to Presentence Report at 1; U.S.S.G. § 2D1.1(c)(7). After reducing the base offense level three (3) additional levels for acceptance of responsibility, Harrell's total offense level is now twenty-three (23). Addendum to Presentence Report at 1; Docket Entry No. 470 at 4-5; Docket Entry No. 479 at 2. Given Harrell's Criminal History Category of V, his recommended Guidelines range is now eighty-four (84) to one

hundred five (105) months' imprisonment.  Addendum to Presentence Report at 1; Docket Entry No. 470 at 4-5; Docket Entry No. 479 at 2.

The Court has carefully considered all of the Section 3553(a) factors, as well as the PSR and its addendum, the materials associated with plaintiff's sentencing, and the parties' submissions.  However, I find that a sentence reduction is not appropriate in this case.  The ninety-six (96) month sentence appropriately reflects the seriousness of the offense, serves the goals of general and specific deterrence, and promotes respect for the law.  Although Harrell's apparent attempts to remain productive in prison are commendable, the Court is mindful of Harrell's significant criminal history, as well as its duty to impose a sentence that will protect the public.  In short, the defendant's criminal history, the nature and circumstances of this offense, and the goals of Section 3553(a) all lead the Court to the conclusion that a term of ninety-six (96) months' imprisonment and four (4) years' supervised release is the appropriate sentence, and that a reduction is not warranted.

The government is correct that Harrell has no right to appear before the Court for re-sentencing.  Dillon, 130 S.Ct. at 2692; see also Logan, 2012 WL 616257, at *21.

II.     Conclusion

For the foregoing reasons, Harrell's motion for a modification of his sentence pursuant to Section 3582(c) is denied.

**SO ORDERED.**

s/ Sandra J. Feuerstein

_____

Sandra J. Feuerstein
United States District Judge

Dated:          April 10, 2012
                Central Islip, New York